United States of America
District of Massachusetts

Suffolk, ss.

Dean Tran                                    )
                                             )
v.                                           )          Docket No._____
                                             )
Attorney General Maura Healey                )

**Complaint**

Now comes the Plaintiff, Dean Tran, who makes complaint as follows:

1. Dean Tran is a Massachusetts registered voter from Fitchburg and a Republican currently running for Congress.  Previously he was a State Senator and a Fitchburg City Councillor.

2. Maura Healey is the Attorney General of Massachusetts and she is a Democratic candidate for Governor.

**Events**

3. Mr. Tran is running for Congress for the 3rd Massachusetts Congressional District against incumbent Representative Lori Trahan.  He announced his candidacy on February 2, 2022.  He has qualified for the ballot by submitting a sufficient number of signatures.

4. 5 weeks before Mr. Tran was indicted by Attorney General Healey, his opponent, Congresswoman Lori Trahan loudly and publicly endorsed Maura Healey in her run for Governor.

5. On July 1, 2022, Attorney General Maura Healey issued a press release announcing the indictment of Mr. Tran.

6. The press release announced indictments upon 6 charges, larceny of a firearm, larceny from an elderly person, obtaining a signature by false pretenses, stealing by confining or putting in fear, misleading the police, and a count alleging falsification of his license to carry firearms.

7. The press release recounts that in June 2019 Mr. Tran coerced an elderly constituent into signing a contract to sell him firearms owned by her late husband.  The press release relates that Mr. Tran gave the constituent $1500.  The press release also relates that the next day Mr. Tran was asked to return firearms which he did.  The press release further alleges that the very next day Mr. Tran returned demanded keys to the constituent's gun safe and took a "Colt .45" pistol.  The press release claims that Mr. Tran gave conflicting

stories to the police when asked, and made false statements on his May 2019 license application.

8. The press release recounts that the case is being prosecuted by AAG Brodigan of the Attorney General's White Collar and Public Integrity Division. The press release also recounts that an investigator from the AG's financial investigation division contributed, as did the State Police, the Attorney General's Digital Forensics Laboratory, and the Fitchburg Police.

9. In her run for political office, the Attorney General has been accused of not aggressively pursuing public corruption prosecutions, in comparison with the performance of the U.S. Attorney's Office over the same time.

10. The investigation into the June 2019 incident was publicly reported in 2020 in Commonwealth Magazine. However, until the press release, there was no indication that any charges would come or that the investigation would bear any fruit.

11. The Chairwoman of the Fitchburg Democratic City Committee predicted that Mr. Tran would be in court on or about June 30, 2022. She made this prediction on cable access television. She is also a noted and vocal opponent of Mr. Tran.

12. The press release was filed on July 1, 2022, the Friday before the July 4th Holiday weekend which is a busy weekend for office-seekers who must be in public at celebrations and marching in parades.

13. Although the indictments were signed on July 1, 2022, they were not filed with the Clerk's Office in Worcester Superior Court's electronic docket until almost a week and a half later, on July 11, 2022.

14. The press release resulted in a flurry of national newspaper stories, based on nothing more than the Attorney General's press release, because the court documents were not yet available.

15. The indictment was disclosed only 67 days before the primary election and 130 days before the general election. Given that absentee primary ballots are mailed out on July 23, 2022, the indictments were released a mere three weeks before voting starts.

16. Prosecutors offices, nationwide, have policies against using the announcement of misconduct investigations or charges to effect an election. These kinds of policies took prominent place in the national discussion of political prosecutions following the investigation of the FBI into both Hillary Clinton and Donald Trump in advance of the 2016 election.

17. The criminal charges are, on the face, laughable and implausible. For example, the charges include two counts of larceny, which requires intent to permanently deprive, while the press release admits that in both circumstances the guns were returned. In the

normal course, Mr. Tran will not be able to clear the charges or his good name before voting starts and before Election Day.

18. Mr. Tran is the first elected official whom Attorney General Healey has prosecuted in her 7-year tenure as Attorney General.

19. The prosecution proceeds upon stale information known to the Attorney General's office for at least two years, but not acted upon until the Plaintiff filed to run for Congress.

20. The existence of the investigation was leaked to the press during the 2020 election cycle, being the presumptive cause of Mr. Tran's re-election loss.

21. Attorney General Maura Healey has failed to prosecute public corruption crimes. Her annual reports show an anemic public integrity prosecutions.

22. In the meantime, several public officials of Massachusetts have been prosecuted by other prosecutor's offices, such as the U.S. Attorney, or have been publicly known to be under investigation. However none of these actions resulted in the stirring of any action by Attorney General Healey's office. Rep. Chris Fallon and Rep. Robert DeLeo were implicated in wrongdoing in the probation patronage scandal in 2011-2014 when Massachusetts state officials were federally indicted for honest services fraud relating to political patronage appointments. The U.S. Attorney's Office brought charges against Rep. David Nangle, Sen. Brian Joyce, Sen. Dianne Wilkerson, Council Charles Turner, the Probation Commissioner and his deputies, and others. The Boston Globe reported that Attorney General Healey's office has never prosecuted a campaign finance violation despite many referrals.

23. Most state crimes in Massachusetts are prosecuted by the local district attorneys, rather than the Attorney General.

24. Most of the cases brought Attorney General Healey's office are civil and not criminal.

25. Most proceedings against public officials, especially elected ones, are brought either by the Office of Campaign and Political Finance (OCPF), the State Ethics Commission, or the local district attorneys. Likewise prosecutions or charges relating to the abuse of public office (which this criminal prosecution is alleged to be) are brought under the State Ethics Law in front of the State Ethics Commission.

26. Mr. Tran stands an excellent chance of winning his congressional race.

27. Mr. Tran is the first Vietnamese-American to be elected to the State Senate in Massachusetts.

28. The U.S. Department of Justice has a policy preventing the commencement of or announcement of criminal charges within 60 days before voting begins, Massachusetts has no similar policy.

29. Mr. Tran, and his counsel, were not notified of the indictment and did not receive copies of it until 10 days after the public announcement of the charges.

30. The criminal case against Mr. Tran was not uploaded to the electronic docket in the Clerk's office until 10 days after the public announcement of the charges.

31. Attorney General Healey routinely does not announce, by press release, the results of her work or new cases being filed.  Although her office has a press arm, much the work of her office is done without public fanfare.  This makes the announcement of Mr. Tran's prosecution odd.

32. The conduct that Mr. Tran is accused of would ordinarily amount to a routine prosecution of violent crimes.  Instead the conduct was labeled as a public corruption case, allowing for prosecution by more politically-savvy white collar prosecutors.

**Count I—First Amendment Retaliation**

33. Repeating and reaffirming the above, Mr. Tran is being prosecuted solely because of his temerity to run for public office against an incumbent politically aligned with the Attorney General and make political statements as a conservative Republican.

34. He is being freshly prosecuted, based on stale information, because of his unwillingness to be silenced, or to accept his 2020 election defeat as the end of his political career.

35. The suspicious circumstances of this prosecution, such as the convenient grand jury leaks to the political opposition, the unprecedented prosecution, the timing of the announcement and submission of materials to the grand jury, the curious choice of prosecution office, and others all add up to this being a political frame-job and a retaliation against a political opponent.

36. The charges Mr. Tran faces are implausible and facially laughable. They have been ginned up solely for their effect upon Mr. Tran's first amendment activities.  The possibility of harming his electoral fortunes is the motivating factor in the prosecuton. The prosecution is particularly insidious because it is irremediable in the normal course as mail in voting has already commenced.

37. The prosecution against Mr. Tran is brought in bad faith on charges not likely to result in a conviction but designed to temporarily blacken his name during the election process.

38. The Defendant Attorney General Maura Healey, acting in her official capacity as the Attorney General of Massachusetts under color of state law is infringing upon and denying Mr. Tran his First Amendment to run for political office. 42 U.S.C. §1983.

**Count II—Equal Protection (class of one)**

39. Repeating and reaffirming the above, Mr. Tran's prosecution violates the equal protection clause.

40. This prosecution stands for the premise that Attorney General Healey will vigorously prosecute public corruption only in her political opponents and only if they are a serious threat to obtain public office.

41. The Attorney General has treated Mr. Tran's case singularly and differently that all her other criminal prosecutions.  She has, in effect, created rules that apply only to a class of one—Dean Tran.

42. Any other conduct of this nature would have been treated as either a violent crime, and prosecuted by the Worcester district attorney, or as a public integrity issue and prosecuted by the State Ethics Commission.

43. In any other prosecution, leaks from the grand jury would be vigorously prosecuted and investigated, rather than politically benefit the opposition of the criminal defendant. Attorney General Healey's office has made no public announcement that they will seek to punish the people who violated the integrity of the investigation against Mr. Tran.

44. In any other case, the Defendant would be promptly notified of the criminal charges against him, in line with the constitutional right. *Sixth Amendment* ("In all criminal prosecutions, the accused shall enjoy the right… to be informed of the nature and cause of the accusation.").  Such notice may occur by arrest, by notice to counsel, or by summons.  In this case Mr. Tran's counsel received an email copy of the indictments 10 days after the public announcement of the charges.

45. The Attorney General has not prosecuted any other elected officials.

46. The Attorney General has not prosecuted other candidates mere weeks before an election.

47. Even in other cases where investigations have been publicly leaked, no other case has been treated like Mr. Tran's.

48. Many other public officials, including elected officials, have been publicly implicated in wrongdoing, or publicly known to be under investigation, and Attorney General Healey has not proceeded against any of them.

## Count III—Racially-motivated prosecution

49. Repeating and reaffirming the above, Mr. Tran's prosecution is singular in its nature.

50. Mr. Tran's prosecution is racially motivated. 42 U.S.C §§1981, 1983, Title VI of the Civil Rights Act of 1964, Omnibus Crime Control and Safe Streets Act of 1968.

51. He is being prosecuted because of his record-breaking political success as a minority candidate.

52. Other public officials and elected politicians, including those being investigated, have not been the subject of prosecutions by Attorney General Healey.  Nor have these other officials, who are not Asian American, had their reputation publicly smeared by the Attorney General's Office.

**Count IV-Due Process Right to a Disinterested and non-conflicted Prosecutor**

53. Repeating and reaffirming the above, the prosecutor of Mr. Tran violates his due process right to a neutral and disinterested prosecutor.

54. On May 23, 2022, Mr. Tran's opponent, Representative Trahan, endorsed Maura Healey for Governor and her endorsement was rewarded 5 weeks later with an indictment of her political opposition.

55. Mr. Tran has a federal due process right to a neutral and disinterest prosecutor which is violated by the participation of Maura Healey in his criminal prosecution, or by prosecutors working for her who are imputedly disqualified and conflicted.

56. A disinterested prosecutor, by nature of being an advocate, is not the same as a disinterested magistrate or arbiter:

> However, the claim in fact was of something different, namely, that Wright was deprived of his entitlement to a "disinterested" prosecutor. The concept is not altogether easy to define. Of course, a prosecutor need not be disinterested on the issue whether a prospective defendant has committed the crime with which he is charged. If honestly convinced of the defendant's guilt, the prosecutor is free, indeed obliged, to be deeply interested in urging that view by any fair means. See In re Perlin, 589 F.2d 260, 264 (7 Cir.1978). True disinterest on the issue of such a defendant's guilt is the domain of the judge and the jury — not the prosecutor. It is a bit easier to say what a disinterested prosecutor is not than what he is. He is not disinterested if he has, or is under the influence of others who have, an axe to grind against the defendant, as distinguished from the appropriate interest that members of society have in bringing a defendant to justice with respect to the crime with which he is charged.

Wright v. United States, 732 F.2d 1048, 1056 (2nd Cir. 1984).  The involvement of an interested prosecutor has been treated by the Supreme Court as a structural error invalidating a trial without any further showing of prejudice. Young v. U.S. ex rel.

Vuitton et Fils S.A., 481 U.S. 787 (1987). "It is fundamental that the prosecutor of a criminal charge be disinterested." Clearwater-Thompson v. Grassmuek Inc., 160 F.3d 1236, 1237 (9th Cir. 1998).

57. Given the public political positions of Attorney General Healey and Congresswoman Trahan, to advance Ms. Healey's personal political interests, she is an interested prosecutor.

58. Attorney General Healey has a personal, financial, and political interest in the outcome of the case against Mr. Tran.

59. The indictment of Mr. Tran was a quid pro quo for Congresswoman Trahan's endorsement.

60. If this were a normal case, the Attorney General and her would be conflicted out the canons of professional ethics. Indeed, Massachusetts practice, unobserved in this case, would be for a different prosecutor's office to handle the matter.

61. Unfortunately the right to a disinterested prosecutor includes the right to fair exercise of prosecutorial discretion to not charge an otherwise valid case. Mr. Tran has already, and irrevocably, been denied this portion of his rights and is poised to be further subjected to flagrantly unconstitutional and retaliatory use of frivolous criminal charges to blacken his name and squelch his political speech.

62. However this case is likely to cause devasting harm to Mr. Tran's electoral fortunes and his right to exercise his First Amendment freedoms in the election season, when they matter.

## Count V—Malicious Abuse of Process

63. Repeating and reaffirming the above, Mr. Tran is the victim of a malicious prosecution brought by Ms. Healey and therefore an abuse of process.

64. The prosecution is brought in bad faith, upon charges which there is no likelihood of conviction for purposes of retaliating and punishing Mr. Tran for his first amendment activities.

65. The criminal charges against Mr. Tran cannot possibly succeed. He is being accused of stealing things already returned, in the most prosecution-friendly rendition of events. Likewise new second amendment jurisprudence renders any errors in his licensing application, if there are any, immaterial.

66. The information upon which the charges are based is stale, in addition to being bad, and have been resurrected for the ulterior motive of influencing the election, both Mr. Tran's and Ms. Healey's.

67. The prosecution of Mr. Tran is a *quid pro quo* arrangement for Representative Trahan's endorsement of Ms. Healey, in her race for Governor.  The endorsement, made on May 23, 2022, resulted in an indictment against Mr. Tran a mere 5 weeks later.

68. The result, an official press release blackening Mr. Tran's name and injuring both his political speech and his electoral fortunes, are plainly damaging.

69. The prosecution is based on an illegal and unconstitutional ulterior purpose.  It is brought by an interested prosecutor who stands to gain personally, professionally, and politically from the indictment.

**Miscellaneous**

70. Personal jurisdiction is proper as all parties live in Massachusetts.

71. Subject matter jurisdiction is proper as federal constitutional rights are being violated, which gives rise to jurisdiction under 42 U.S.C. §1983, among other statutes, for the Federal Court to act. 42 U.S.C §§1981, 1983, Title VI of the Civil Rights Act of 1964, Omnibus Crime Control and Safe Streets Act of 1968

72. Although abstention would be the norm, this case presents circumstances of bad faith and harassment by the state authorities, authorizing the bad-faith exception to Younger Abstention.

73. Venue in the Central (Worcester) Division is appropriate as this is where the events in question occurred, where the underlying criminal prosecution is centered, and where Mr. Tran is resident

**Prayer for Relief**

74. The Plaintiff, now, therefore, prays for any and all applicable relief including:
   - Immediate injunctive relief against his prosecution until after the election to protect his first amendment rights to speak and seek office.
   - Permanent injunctive relief against his prosecution by Attorney General Healey's office due to prosecutorial misconduct in the form of bias and harassment
   - Permanent injunctive relief against his prosecution as a violation of his constitutional rights, against both retaliatory prosecutions and racially-motivated prosections.
   - Declaratory relief as to his rights.
   - Declaratory relief, generally, as relates to the constitutionality of announcing criminial investigations or charges against political candidates less than 90 days before an election, with the purpose influencing an election.
   - Declaratory relief, generally, as relates to the politically motivated use of leaks in the grand jury process to obtain electoral advantage.

Wherefore, the Plaintiff, Dean Tran, seeks the intervention of this Honorable Court and the award of any relief the Court deems just and fair.

Respectfully Submitted,

Dean Tran,
By his Attorney
/S/ Michael Walsh
Michael Walsh
BBO 681001
Walsh & Walsh LLP
PO Box 9
Lynnfield, MA 01940
617-257-5496
Walsh.lynnfield@gmail.com